**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Moise P. William</u>

    v.                                              Civil No. 08-cv-006-JL

<u>Town of Auburn, New Hampshire, et al.</u>

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is the complaint (document no. 1) filed by Moise William, pursuant to 42 U.S.C. § 1983, alleging that the defendants have violated his Fourth Amendment right to be free from illegal search and seizure of his person and property. The matter is before the Court for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court

construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

On July 21, 2007, Moise William was stopped at a sobriety checkpoint that had been set up by the Auburn, New Hampshire Police Department ("APD") on Bypass 28 in Auburn, New Hampshire. APD Officer Anita Lombardo, during the checkpoint stop of the car

William was driving, smelled marijuana coming from the car. William and his car were searched. Although no drugs were found on his person, drugs were found in William's car. No field sobriety testing or chemical testing was done to establish whether or not William was intoxicated.

William, as a result of the evidence garnered at the sobriety checkpoint, was indicted in this Court on charges of possessing crack cocaine with the intent to distribute and possessing marijuana. <u>See</u> <u>United States v. William</u>, 07-cr-176-SM.[1]  William filed a motion to suppress in his federal criminal case alleging that the stop and search of his car and person violated the Fourth Amendment.  The suppression motion relied on the same arguments made here concerning the alleged insufficiencies in the procedure followed by the APD in setting up and publicizing the checkpoint.

---

[1]The criminal litigation and trial referenced here occurred in this Court.  I take judicial notice of the facts reflected in the Court's docket in the criminal case and the transcript of the suppression hearing.  <u>See</u> Fed. R. Ev. 201(b)(2) (allowing judge to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonable be questioned").  Judicial notice may be taken sua sponte, <u>see</u> Fed. R. Ev. 201(c), and at any stage of a proceeding.  <u>See</u> Fed. R. Ev. 201(f).

After an evidentiary hearing, the motion to suppress was denied.  The Court specifically found that the sobriety checkpoint here was constitutional and complied with the requirements of the Fourth Amendment.  William went to trial and was convicted by a jury of both charges against him on June 4, 2008.  The matter is scheduled for sentencing on September 26, 2008.

William claims here, again, that the stop and search of his car and person violated his Fourth Amendment rights because the sobriety checkpoint was unlawful.  Specifically, as he did in his criminal suppression motion, William alleges that the checkpoint failed to comply with a number of guidelines for sobriety checkpoints established by the New Hampshire Attorney General's office.  William claims that because of this, his subsequent detention on his criminal charges has violated, and continues to violate, his rights under the Fourth Amendment.

In addition to his suit against the officers responsible for the illegal checkpoint, William has sued the Town of Auburn, the APD, APD Chief Edward Picard, APD Lt. David Flight, and the Auburn Fire Department.  William alleges these defendants are

liable for failing to properly train APD officers in constitutional sobriety checkpoints.[2]

## Discussion

I. Collateral Estoppel

Under the doctrine of collateral estoppel, or issue preclusion, "once a court has actually decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of that factual or legal issue in a suit on a different cause of action involving a party to the first action." Apparel Art Int'l v. Amertex Enters., 48 F.3d 576, 583 n.9 (1st Cir. 1995) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Even if the parties to the first action are not identical to the parties in the second action, collateral estoppel can be applied to limit relitigation of claims, presuming the party against whom estoppel is enforced had a full opportunity to litigate the issue in the first action. See Allen, 449 U.S. at 95. In order for a party to have had a full opportunity to litigate his Fourth Amendment claims in the prior proceeding, it must have had both

---

[2] The claims as identified in this Report and Recommendation will be considered for all purposes to be the claims raised in the complaint. If William disagrees with this identification of the claims, he must do so by properly objecting to this Report and Recommendation.

the incentive and the opportunity to fully and fairly litigate the relevant issues in the earlier proceeding.  See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331 (1979).  This insures that, prior to being held to a prior court judgment, a party is given the chance to present its best arguments to the Court.

     Here, William has sued state actors for a violation of his Fourth Amendment rights.  While those defendants were arguably "involved" in William's prior criminal prosecution, the United States was the opposing party in that prosecution.  Although the parties are not identical, William had a full and fair opportunity, and, in fact, utilized that opportunity, to litigate the Fourth Amendment challenges raised here in his criminal prosecution.  Specifically, William was provided with the opportunity to file a motion to suppress through counsel, and to have counsel assist him at an evidentiary hearing that was held on his motion.  At that hearing, the Court made findings of fact and rulings of law, after giving both parties the opportunity to present evidence and oral arguments.  Once sentence is imposed and judgment is entered, William will have the opportunity to appeal the suppression issue to the First Circuit Court of Appeals.  It can hardly be said that William did not have the

incentive to fully and zealously litigate his motion at that time – he was facing criminal prosecution on drug charges that, according to the findings made at Williams' detention hearing, may well result in a sentence of ten years or more in prison. Suppression of the drug evidence against him would have likely rendered the government unable to prove its case and saved William from a felony conviction and lengthy prison sentence.  I find, therefore, that William was given a full and fair opportunity to litigate this matter, and that he, in fact, did litigate his Fourth Amendment claims.  Accordingly, I will give preclusive effect to the findings of the criminal trial court and recommend dismissal of the claims based on Fourth Amendment violations by the APD officers and any other individuals involved in the sobriety checkpoint on July 21, 2007, on the grounds that William is collaterally estopped from relitigating those issues.

II.  <u>Supervisory Defendants</u>

William alleges that the supervisory defendants named in this action are liable for damages due to their failure to properly assure, by training and supervision, that the sobriety checkpoint complied with the Fourth Amendment.  As I have given preclusive effect to the finding in William's criminal case that

there was no Fourth Amendment violation, I find that William cannot allege a claim against the supervisory defendants for failing to assure compliance with the Fourth Amendment, as the Fourth Amendment was deemed to have been complied with in this case.  Accordingly, I recommend dismissal of those defendants, as well as claims of supervisory liability, from this action.

## Conclusion

For the foregoing reasons, I find that William has failed to state any claim upon which relief might be granted and I therefore recommend that this action be dismissed.  See LR 4.3(d)(2).  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    July 14, 2008

cc:      Moise P. William, pro se